NORWOOD v. STATE.

(Division B. Nov. 17, 1930.)

[130 So. 733. No. 29063.]

**Frank E. Everett**, of Indianola, for appellant.

**Edwin R. Holmes, Jr.,** Assistant Attorney-General, for the State.

**Griffith, J.**, delivered the opinion of the court.

Appellant was convicted of a statutory capital crime, the details of which we do not deem it necessary to state, and prefer not to do so because of the nature thereof. We say of them only that the testimony was ample to sustain the verdict, and that appellant's escape from the hangman must have been that the jury regarded him of subnormal intellect, and for that reason not fit for the extreme penalty, so that he received a life sentence instead.

There are several assignments of error, none of which as applied to this record are well taken. But there is one which we think is of sufficient importance to merit a written response. This alleged error is directed to the action of the court in overruling the objection to the testimony of the physician who examined appellant soon after his arrest, and is founded upon section 1536, Code 1930, section 7455, Hemingway's 1927 Code.

Appellant was arrested about three hours after the crime was committed; and, on being informed of the charge against him, he denied guilt. The sheriff then said to him: "If you haven't any sign on your underwear it would be a pretty good sign—would you mind showing me?" Appellant thereupon voluntarily opened his outer clothes in such manner that the particular underclothes referred to were exhibited to view and there was revealed what the sheriff and Mr. Whitehead, also there present, believed to be fresh blood, and, on a statement by appellant that it was something else than blood, the decision was made by the sheriff and Mr. Whitehead to take appellant before a physician for a further examination. The physician was sent for by Mr. Whitehead, who paid for the services, and appellant, still contending that the "signs" were not blood, voluntarily submitted to an

examination by the physician; in fact, at the physician's request, appellant stripped so that the underclothes might be better examined, and also submitted without objection to an examination of certain parts of his body. As a result of this examination the physician, the sheriff, and Mr. Whitehead were able to testify positively that the signs were fresh blood, and also to certain other signs seen on the said parts of the body, which testimony had a distinctly damaging effect on appellant's defense.

It is not always easy to determine when the relationship of physician and patient exists, and there has been a noticeable division of opinion among courts on the subject; and this court has aligned itself with that line of authorities which inclines to the holding that, whenever the circumstances are such that the relation can reasonably and consistently be held to exist, that view of the case will be taken. However, there seems to be no dissent anywhere from the proposition "that, where a physician merely investigates by direction of the court or prosecuting attorney to ascertain the physical or mental condition of a person for the purposes of the trial," the privilege of the statute does not arise. 5 Jones on Evidence (2 Ed.), p. 4160. We adopt that language, and hold further and by way of application to the present case that, where a person is examined by a physician at the instance or with the approval of officers of the law for the purposes of law enforcement, and when the person so examined then and there knows, or the facts are such as to reasonably give knowledge that the examination is solely for the purpose aforesaid, and no illegal or otherwise wrongful means are used to secure the examination or inspection, the statute is not available. We do not undertake here to state what would constitute illegal or wrongful means, that inquiry clearly not being before us; for the testimony shows without dispute that appellant voluntarily submitted to the examinations made, and without protest or objection of any sort.

Affirmed.